OPINION
{¶ 1} Defendant-appellant Joe Stanley Brown appeals from the denial of his petition for post-conviction relief, without a hearing. Brown contends that the trial court erred in rendering summary judgment against him on his claims that his trial counsel was ineffective. Specifically, Brown contends that his trial counsel was ineffective because his trial counsel failed to call four non-family members to testify in support of Brown's alibi defense. Brown further contends that the trial court erred in rendering summary judgment in favor of the State without conducting an evidentiary hearing, because the affidavit of Larry Denny, Brown's trial counsel, submitted by the State, and the affidavit of Brown's father, Joe N. Brown, as well as the affidavit of Brown's mother, Margaret Mitchum, both submitted by Brown, raise a genuine issue of material fact.
 {¶ 2} We conclude that there is no genuine issue of material fact, because the trial court did not abuse its discretion in dismissing the credibility of the affidavits of Brown's mother and father. Based on the pleadings, affidavits, and other records in this case, we conclude that there are no substantive grounds for relief. Brown's trial counsel made a sound tactical decision not to call the additional alibi witnesses, because they may have undermined, rather than corroborated, Brown's alibi defense. Therefore, we conclude that the trial court did not err in failing to conduct an evidentiary hearing or in rendering summary judgment against Brown and in favor of the State. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} In April, 2001, Joe Stanley Brown entered the home of Jennifer Johnson and struck her on the cheek with a metal pipe. Brown refused to allow Johnson to leave her bedroom for approximately two hours. During this time, Brown repeatedly shook the metal pipe in Johnson's face and threatened to harm Johnson if she pursued domestic violence charges against her boyfriend, Brown's life-long friend. Subsequently, Brown was indicted on one count of Felonious Assault, in violation of R.C. 2903.11(A)(2), one count of Intimidation of a Crime Victim, in violation of R.C. 2921.04(B), one count of Disrupting Public Services, in violation of R.C. 2909.04(A)(1), and one count of Kidnapping, in violation of R.C. 2905.01(A)(3).
 {¶ 4} Following a jury trial, Brown was convicted on all counts except the charge of Disrupting Public Services. Brown was sentenced to concurrent prison terms totaling ten years. Brown filed a direct appeal in this court in 2001. We affirmed Brown's conviction in State v. Brown, Montgomery App. No. 19113, 2002-Ohio-6370. Thereafter, Brown filed an appeal with the Supreme Court of Ohio, which was dismissed in State v.Brown, 98 Ohio St.3d 1491, 2003-Ohio-1189, 785 N.E.2d 473.
 {¶ 5} During the pendency of his appeal in this court, Brown filed a petition for post-conviction relief in the trial court raising one ground for relief alleging that his trial counsel's failure to call non-family alibi witnesses constituted ineffective assistance of counsel. The State filed a motion to dismiss and a motion for summary judgment, supported by the affidavit of Larry Denny, Brown's trial counsel. Brown filed a motion contra to the State's motion to dismiss and a motion in opposition to the State's motion for summary judgment, supported by the affidavits of his father, Joe N. Brown, and his mother, Margaret Mitchum. In Brown's motion in opposition to the State's motion for summary judgment, Brown also requested an evidentiary hearing to resolve genuine issues of material fact raised in the affidavit of Larry Denny and the affidavits of Brown's mother and father.
 {¶ 6} The trial court denied Brown's petition for post-conviction relief and granted the State's motion for summary judgment, finding that there were no substantive grounds for relief. The trial court further concluded that Brown failed to demonstrate that his trial counsel's effort fell below an objective standard of reasonableness, and that Brown failed to demonstrate that there was a reasonable probability that the outcome of his trial would have been different had the additional alibi witnesses been called to testify at trial. From the summary judgment rendered against him, Brown appeals.
 II {¶ 7} Brown's First, Second and Third Assignments of Error are as follows:
 {¶ 8} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON DISPUTED ISSUES OF FACT AS REQUIRED BY R.C. § 2953.21(E).
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING THE STATE'S MOTION FOR SUMMARY JUDGMENT WHEN DISPUTED ISSUES OF FACT REMAINED TO BE LITIGATED."
 {¶ 11} Each of the above assignments of error essentially contends that the trial court erred in rendering summary judgment against Brown and in favor of the State. Brown contends that he is entitled to post-conviction relief, because his trial counsel rendered ineffective assistance, by failing to call four non-family members to testify in support of Brown's alibi defense. Brown contends that following the verdict, his trial counsel spoke to jurors, who stated that they would have acquitted Brown had there been testimony of non-family members to verify his alibi. In support of this contention, Brown submitted the affidavit of his father, Joe N. Brown, in which his father averred that "following my son, Joe S. Brown's trial, . . . defense attorney Larry Denny approached me and stated that he questioned the jurors after the trial and one juror stated to him that had the defense presented just one alibi witness that was not family that he would have voted to acquit[.]" Brown also submitted the affidavit of his mother, Margaret Mitchum, in which she averred that "after my son Joe S. Brown's trial . . ., defense attorney Larry Denny stated that he questioned the jurors and one juror stated to him that had just one alibi witness testified that was not a family member he may have voted to acquit[.]" Brown contends that his trial counsel rendered ineffective assistance in failing to properly present an alibi defense, and that Brown was convicted as a result of his trial counsel's deficient performance.
 {¶ 12} Contradicting the statements made in the affidavits of Brown's mother and father, Larry Denny, Brown's trial counsel, averred, in an affidavit submitted by the State in support of its motion for summary judgment, as follows:
 {¶ 13} "2. After the verdict was given by the jury I did inquire into the reasons for their verdict, asking the jurors what they felt was most crucial in their decision.
 {¶ 14} "3. That the jurors told me I had not proved my client's innocence quite enough.
 {¶ 15} "4. That I did not tell Mr. Joe Stanley Brown, IV, a juror had said to me `if one more witness, outside of Brown's family, had testified to his alibi, the jury would have acquitted.'
 {¶ 16} "5. That a juror did not make the above statement to me, `maybe if we had brought some more witnesses that were not related, it might have helped.'"
 {¶ 17} Brown contends that the trial court erred in rendering summary judgment in favor of the State, without conducting an evidentiary hearing, because the affidavit of Denny and the affidavits of Brown's mother and father raise a genuine issue of material fact. Brown further contends that the trial court erred in failing to give any weight to the affidavits of his mother and father, and in granting summary judgment in favor of the State on the sole basis of Denny's affidavit.
 {¶ 18} Pursuant to R.C. 2953.21, a person convicted of a criminal offense may petition for post-conviction relief if that person asserts "that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). We have previously stated that "[h]earings are not mandated for every post-conviction relief petition filed, and motions for summary judgment are appropriate methods of resolution for a petition for post-conviction relief, which is a civil proceeding. R.C. § 2953.21(D). The defendant bears the initial burden of producing documents containing sufficient operative facts to demonstrate that a genuine issue of material fact exists before a hearing will be granted in proceedings for post-conviction relief. State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819. `Upon a motion by the prosecuting attorney for summary judgment, a petition for post-conviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established.' State v. Milanovich (1975),42 Ohio St.2d 46, 325 N.E.2d 540, paragraph two of the syllabus." Statev. Vinzant, Montgomery App. No. 19295, 2003-Ohio-2522, at ¶ 11.
 {¶ 19} Although due deference should be given to submitted affidavits, a trial court has some discretion to judge their credibility when deciding if the affidavits should be accepted as true statements of fact. State v. Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102,714 N.E.2d 905. In judging the credibility of an affidavit, the trial court should consider relevant factors such as: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner . . ., and (5) whether the affidavits contradict evidence proffered by the defense at trial." Id. at 285. "[O]ne or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." Id.
 {¶ 20} We conclude that the trial court did not abuse its discretion in dismissing the credibility of the affidavits of Brown's mother and father based upon the above-mentioned factors. The affiants are relatives of Brown, and the affidavits appear to have been drafted by the same person. The affidavits contain and rely on hearsay, because they are based on out-of-court statements allegedly made by Brown's trial counsel regarding out-of-court statements allegedly made by jurors. We conclude that the trial court properly gave due deference to the affidavits of Brown's mother and father, and properly weighed their credibility within its discretion. Thus, the affidavit of Denny and the affidavits of Brown's mother and father do not raise a genuine issue of material fact.
 {¶ 21} Even if the trial court had credited the affidavits of Brown's mother and father, unrebutted averments contained in his trial counsel's affidavit justified the summary judgment rendered against him on his petition.
 {¶ 22} "We evaluate ineffective assistance of counsel arguments in light of the two-prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 142, 538 N.E.2d 373. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment.Id. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id." Vinzant,2003-Ohio-2522, at ¶ 12.
 {¶ 23} Brown's contention is not that his trial counsel failed to present any alibi defense at trial, but that he failed to call four non-family members to testify in support of Brown's alibi defense. Brown's trial counsel, Larry Denny, stated in his affidavit as follows:
 {¶ 24} "7. I called three (3) witnesses during the defense's case, being Ellen Mae Anderson, Margaret Mitchum, and Debra Buzard.
 {¶ 25} "8. These witnesses testified as alibi witnesses for the Defendant.
 {¶ 26} "9. That during trial I presented a video showing the Defendant was elsewhere during part of the time of the alleged crimes to the jury; and the video was confirmed by an off-duty police officer on cross.
 {¶ 27} "10. That after talking with the Defendant's family members, I learned that certain witnesses, being employees of his family, did not want to get involved in the case and remembered facts different than Joe alleged.
 {¶ 28} "11. That I subpoenaed Joe's sister-in-law, for the trial; however, she did not appear."
 {¶ 29} These averments are unrebutted.
 {¶ 30} We have previously stated that "[g]enerally, an attorney's determination of which witnesses to call falls within the realm of trial strategy. Further, a court will not second-guess the trial attorney's tactical decisions. It follows that the mere failure to call witnesses does not render counsel's assistance ineffective absent a showing of prejudice." State v. Hector, Montgomery App. No. 18653, 2002-Ohio-1200, 2002 WL 360649, at *4 (internal citations omitted). Based on Denny's undisputed statements, Denny made a sound tactical decision not to call the additional alibi witnesses, because they may have undermined, rather than corroborated, Brown's alibi defense. Based on the pleadings, affidavits, and other records in this case, we conclude that there are no substantive grounds for relief. In viewing the evidence in a light most favorable to Brown, reasonable minds can only conclude that Brown failed to demonstrate that his trial counsel's effort fell below an objective standard of reasonableness, and that Brown failed to demonstrate that there is a reasonable probability that the outcome of his trial would have been different had the additional alibi witnesses been called by his trial counsel to testify.
 {¶ 31} There being no genuine issue as to any material fact and no substantive grounds for relief, we conclude that the trial court did not err in failing to conduct an evidentiary hearing or in rendering summary judgment against Brown and in favor of the State.
 {¶ 32} Brown's First, Second and Third Assignments of Error are overruled.
 IV {¶ 33} All of Brown's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and POWELL, JJ., concur.