OPINION
{¶ 1} Defendant, Charles Martin, appeals from a summary judgment in favor of the State on Martin's petition for post-conviction relief.
 {¶ 2} Defendant was convicted on December 13, 2000, of aggravated murder, attempted aggravated murder, aggravated robbery, rape and various firearm specifications, following a jury trial. The trial court sentenced Defendant to life imprisonment plus fifty-five years. On direct appeal we affirmed Defendant's convictions but remanded the case for resentencing because certain necessary statutory findings had not been made on the record. State v. Martin (Dec. 28, 2001), Montgomery App. No. 18652. On remand, the trial court imposed the exact same sentence.
 {¶ 3} On June 16, 2003, Defendant filed his petition for post-conviction relief. R.C. 2953.21. Defendant argued that his trial counsel had provided constitutionally ineffective assistance by failing to call certain alibi witnesses. The trial court dismissed Defendant's petition as untimely filed on June 26, 2003. Defendant appealed. This court reversed and remanded the matter to the trial court. State v.Martin (Jan. 9, 2004), Montgomery App. No. 20024. On June 9, 2004, the trial court granted the State's motion for summary judgment and dismissed Defendant's petition without a hearing.
 {¶ 4} Defendant has now timely appealed to this court from the dismissal of his post-conviction petition.
 {¶ 5} FIRST ASSIGNMENT OF ERROR
 {¶ 6} "The trial court abused its discretion when dismissing appellant's petition because most of its findings and conclusions were unreasonable and contrary to clearly established law under the sixth andfourteenth amendments under the U.S. constitution and article I Section10 of the Ohio constitution."
 {¶ 7} Defendant contends that the trial court erred in rendering summary judgment in favor of the State and dismissing his petition without a hearing because the affidavits he submitted in support of his petition are sufficient to raise a genuine issue of material fact regarding whether Defendant was deprived of the effective assistance of counsel at trial by counsel's failure to call certain alibi witnesses.
 {¶ 8} Hearings are not required for every post-conviction petition, and motions for summary judgment are appropriate methods of resolution for a post-conviction petition. State v. Brown (Oct. 24, 2003), Montgomery App. No. 19776, 2003-Ohio-5738. The defendant bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate that a genuine issue of material fact exists before a hearing will be granted. State v. Jackson (1980),64 Ohio St.2d 107; Brown, supra. Upon a motion by the prosecuting attorney for summary judgment, a petition for post-conviction relief shall be dismissed where the pleadings, affidavits, files and other records show that there is no genuine issue as to any material fact, and there is no substantial constitutional issue established. State v.Milanovich (1975), 42 Ohio St.2d 46; Brown, supra.
 {¶ 9} In State v. Brown, supra, at ¶ 19, we observed:
 {¶ 10} "Although due deference should be given to submitted affidavits, a trial court has some discretion to judge their credibility when deciding if the affidavits should be accepted as true statements of fact. State v. Calhoun, 86 Ohio St.3d 279, 284, 1999-Ohio-102,714 N.E.2d 905. In judging the credibility of an affidavit, the trial court should consider relevant factors such as: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner . . ., and (5) whether the affidavits contradict evidence proffered by the defense at trial." Id. at 285,714 N.E.2d 905. "[O]ne or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility." Id.
 {¶ 11} The crux of Defendant's argument is that his trial counsel provided ineffective assistance because, although they were contacted by three alibi witnesses and one witness who could discredit some of the victim's testimony, Defendant's attorneys ignored these witnesses and refused to present the testimony of those witnesses at trial.
 {¶ 12} When determining whether trial counsel was ineffective, we employ the two step test set out in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, Defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. In that regard trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. Second, assuming deficient performance, defendant must show that counsel's deficient performance had an effect on the judgment: that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. Accord: State v. Bradley (1989), 42 Ohio St.3d 136. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 13} The trial court concluded that the affidavits Defendant submitted in support of his petition from the three potential alibi witnesses were not credible. The court also concluded that the affidavit of Stanley Straight had no probative value regarding the commission of these crimes or the identity of the perpetrator. We conclude that the trial court did not abuse its discretion in making those determinations.
 {¶ 14} The affidavits were not completed until nearly two and one-half years after Defendant was convicted, and then all four were completed within thirty-three days. Failure to promptly come forward with information that might have exonerated Defendant by showing he was elsewhere when the crimes occurred casts doubt upon the proposition that these affiants were available and willing to exonerate Defendant at the time of his trial.
 {¶ 15} Furthermore, the record of the trial proceedings belies the notion that defense counsel were apathetic about tracking down and interviewing potential witnesses that might prove helpful to the defense. When Defendant told his attorneys during the State's case-in-chief about a potentially helpful witness, Anthony Snowden, who could contradict some of the victim's testimony, defense counsel went out of their way to locate and speak with that witness, although counsel ultimately decided not to call Snowden. This demonstrates defense counsel's willingness to seize any opportunity to investigate potentially favorable testimony, which stands in stark contrast to Defendant's allegation that these same defense counsel ignored potentially helpful alibi witnesses. The trial record refutes the notion that defense counsel would ignore and fail to interview alibi witnesses who could potentially exonerate Defendant. In that regard, the trial court observed that neither of Defendant's trial counsel are now available: lead counsel passed away in 2002, and co-counsel no longer practices law in this area.
 {¶ 16} The trial court further noted that the language used in the affidavits is very similar and in some cases identical. Also, the affidavit of Charles Red is internally inconsistent as to the date it was prepared and "sworn and subscribed." Finally, the trial court noted that during a prior proceeding in this case another prospective witness, Darron Finch, provided an affidavit stating that he witnessed the shooting on Salem Avenue and that Defendant was not the perpetrator. A subsequent hearing revealed that Finch and Defendant's brother had been incarcerated together at Dayton Correctional Institute (DCI) and Finch had secured and read trial material that he obtained from Defendant's brother, including the testimony of witnesses describing the shooting. Accordingly, Finch's affidavit was discredited as being contrived. Similarly, one of the present affiants, Antonio Haney, was also incarcerated at DCI at the same time as Defendant's brother and Darron Finch.
 {¶ 17} With respect to the affidavit of Stanley Straight, in which he avers that one of the victims in this case argued with an unidentified man at a nightclub the night before these crimes occurred, the trial court concluded that this affidavit, even if true, was not probative of any facts material to the events that occurred on the morning of the shootings. In other words, this affidavit has no probative value.
 {¶ 18} Because the trial court properly found in the exercise of its discretion that the affidavits of the potential alibi witnesses were not credible, Defendant has failed to meet his burden to produce evidentiary documents that demonstrate a genuine issue as to whether defense counsel performed deficiently and rendered ineffective assistance by failing to call those alibi witnesses at trial. Thus, the trial court did not err in summarily dismissing Defendant's petition without a hearing.
 {¶ 19} Even assuming for the sake of argument that the affidavits were credible and defense counsel was aware of the alibi witnesses and chose not to present their testimony at trial, that fact alone is not sufficient to demonstrate ineffective assistance of counsel. Generally, counsel's decision whether to call a particular witness falls within the rubric of trial strategy, and will not be second guessed by a reviewing court. State v. Williams, 99 Ohio St.3d 493, 2003-Ohio-4396; Brown,supra. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45. Defense counsel may have employed a reasonable trial strategy in this case by choosing not to call these potential alibi witnesses if, for example, counsel determined that the witnesses lacked credibility and would not assist the defense. Brown, supra; State v.Dawson (July 30, 1997), Summit App. No. 18216; State v. Allen (Jan. 22, 1998), Cuyahoga App. No. 72231. Indeed, unreliable witnesses can harm a defendant who offers their testimony in evidence.
 {¶ 20} The proposed testimony of the three potential alibi witnesses that they saw Defendant outside his home around the time these crimes occurred was contradicted by both the victim who survived the attack and positively identified Defendant as the perpetrator, and by a motorist/bystander who witnessed the shooting on Salem Avenue and also identified Defendant as the attacker. Given that fact and the questionable credibility of the alibi witnesses, which we previously discussed, defense counsel, after weighing the costs and benefits of the potential alibi testimony, may reasonably have made a strategic decision not to call these witnesses because they were not credible.
 {¶ 21} Defendant has failed to demonstrate substantive grounds for relief with respect to his ineffective assistance of trial counsel claim. Viewing the evidence in a light most favorable to Defendant, reasonable minds can only conclude that Defendant failed to demonstrate a genuine issue as to whether defense counsel's performance was deficient and fell below an objective standard of reasonableness, much less a reasonable probability of a different outcome but for counsel's alleged errors. The trial court did not err in rendering summary judgment in favor of the State and dismissing Defendant's postconviction petition without a hearing.
 {¶ 22} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.