[Cite as *State v. Rutschilling*, 2017-Ohio-9252.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

 PLAINTIFF-APPELLEE,

  v.

AARON N. RUTSCHILLING,

 DEFENDANT-APPELLANT.

CASE NO. 10-17-06

O P I N I O N

STATE OF OHIO,

 PLAINTIFF-APPELLEE,

  v.

AARON N. RUTSCHILLING,

 DEFENDANT-APPELLANT.

CASE NO. 10-17-07

O P I N I O N

Appeal from Mercer County Common Pleas Court
Trial Court No. 15-CRM-061, 14-CRM-060

Judgments Reversed and Remanded

Date of Decision:  December 26, 2017

APPEARANCES:

 *Bryan Scott Hicks* **for Appellant**

 *Matthew J. Fox and Joshua A. Muhlenkamp* **for Appellee**

Case No. 10-17-06 and 10-17-07

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Aaron N. Rutschilling ("Rutschilling") brings this appeal from the judgments of the Court of Common Pleas of Mercer County revoking his community control and judicial release and sentencing him to prison. Rutschilling challenges the consecutive nature of the sentences and the effectiveness of his trial counsel. For the reasons set forth below, the judgments are reversed.

{¶2} On May 15, 2014, the Mercer County Grand Jury indicted Rutschilling on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(a), (C)(3)(b), a felony of the fourth degree. ADoc. 6[1]. The case was assigned the number 14-CRM-060. *Id.* Rutschilling entered a plea of not guilty. Doc. 21. On December 11, 2014, Rutschilling filed a motion for intervention in lieu of conviction for the indicted charge as well as an expected charge for possession of heroin. ADoc. 39. On January 7, 2015, the State filed a bill of information in case number 14-CRM-060 alleging an additional charge that Rutschilling had possessed heroin on or about April 19, 2014, in violation of R.C. 2925.11(A), (C)(6)(a), a felony of the fifth degree. ADoc. 40. On March 25, 2015, Rutschilling and the State entered into a negotiated plea agreement. ADoc. 78. Rutschilling agreed to enter pleas of guilty to an amended indictment count of trafficking in marijuana in violation of R.C. 2925.03(A)(1); (C)(3)(a), a felony of the fifth degree, and one

---

[1] As there are two cases appealed, the docket in case number 14-CRM-060 will be identified as "ADoc." The docket in case umber 15-CMR-061 will be identified as "BDoc."

-2-

count of possession of heroin in violation of R.C. 2925.11(A); (C)(6)(a), a felony of the fifth degree, as charged in the bill of information. *Id.* Rutschilling also agreed to waive prosecution by indictment and consented to be prosecuted by the bill of information. *Id.* In exchange, the State agreed to amend the trafficking in marijuana charge from a fourth degree felony to a fifth degree felony. *Id.* The State also agreed not to oppose intervention in lieu of conviction. *Id.* No sentencing agreement was reached. *Id.* On March 20, 2015, an arraignment on the possession of heroin charge and a change of plea hearing on the amended trafficking in marijuana charge was held. ADoc. 83. At that time, Rutschilling entered pleas of guilty pursuant to the negotiated plea agreement. *Id.* The trial court accepted the pleas of guilty and scheduled sentencing for a later date. *Id.*

{¶3} While Rutschilling was awaiting sentencing, the State filed a bill of information in case no. 15-CRM-061 alleging that Rutschilling had illegally conveyed a drug of abuse onto the grounds of a governmental facility in violation of R.C. 2921.36(A)(2); (G)(2), a felony of the third degree. BDoc. 5. Rutschilling consented to being charged by the bill of information and entered a plea of guilty. BDoc. 14. This plea was made pursuant to a negotiated plea agreement in which Rutschilling agreed to enter a plea of guilty and the State agreed not to oppose Community Control Sanctions including a residential sanction at the W.O.R.T.H. Center. BDoc. 15. On May 6, 2015, the trial court held a hearing on the charge.

BDoc. 18. Rutschilling entered a plea of guilty in accord with the agreement and the trial court accepted the plea. *Id.* The matter was continued for sentencing. *Id.*

{¶4} On May 27, 2015, a sentencing hearing was held on both cases. ADoc. 101 and BDoc. 24. In case number 14-CRM-060, the trial court sentenced Rutschilling to a term of community control for up to three years. ADoc. 101. The trial court informed Rutschilling that if he violated the sanctions, he could receive "a prison term of Eleven (11) months on each count." *Id.* at 7. The judgment entry was silent as to whether the terms would be served concurrently or consecutively. *Id.* In case number 15-CRM-061, the trial court sentenced Rutschilling to a term of community control of up to three years. BDoc. 24. Rutschilling was informed that a violation of the sanctions could result in a prison term of 30 months. *Id.* at 6. No discussion was held as to whether this sentence would be concurrent or consecutive to the others.

{¶5} On November 3, 2015, the State filed a notice of failure to comply with community control sanctions in case number 15-CRM-061. BDoc. 37. The notice alleged that Rutschilling had been unsuccessfully terminated from the W.O.R.T.H. Center. *Id.* A hearing was held on November 18, 2015, at which Rutschilling admitted to the violation. BDoc. 55. As a result of the violation, the trial court sentenced him to 30 months in prison. BDoc. 60. The trial court also tolled the community control sanctions imposed in 14-CRM-60 due to the prison term being imposed. ADoc. 108.

**{¶6}** On June 14, 2016, Rutschilling filed a motion for judicial release in case number 15-CRM-061. BDoc. 72. A hearing was held on the motion on July 20, 2016. BDoc. 85. The trial court then granted the motion for judicial release and imposed community control sanctions for up to three years. *Id*. The trial court informed Rutschilling that a violation of the sanctions could result in imposition of the balance of his prison term. *Id*. No discussion about the sentences in case number 14-CRM-060 occurred at this hearing.

**{¶7}** On February 8, 2017, the State filed a notice of failure to comply with community control sanctions in both case number 14-CRM-060 and 15-CRM-061.[2] ADoc. 119 and BDoc. 92. The notice alleged that Rutschilling had been arrested for OVI, had tested positive for fentanyl and marijuana, and had failed to take drug tests when requested. *Id*. A hearing was held on the violations on March 22, 2017. ADoc. 134 and BDoc. 105. Rutschilling admitted the violations and the matter was set for disposition. *Id*. The disposition hearing was held on April 12, 2017. At the hearing the trial court sentenced Rutschilling as follows.

> **In this case, [the decision whether to order the sentence in 15-CRM-191 to be served consecutive or concurrent to the others is] an academic decision, because I'm willing to at least follow the recommendation from the defense, that's not opposed by the State, and impose a concurrent sentence, so the consequence, what I consider the principles and purposes of sentencing, the prior criminal history, the attempts at rehabilitation, the prior prison sentence, and the judicial release, is [sic] order that 22 months in 14-CR-60, order the 30 months in 15-CR-61, those to**

---

[2] There was also a third case number 15-CRM-191 which was ordered to be served concurrently. That case was not appealed and will not be addressed by this court.

**be served consecutive to each other. And then 11 months in 15-CRM-191 to be served concurrent with the two consecutive sentences, so that takes it then to 52-month total sentence, with credit for what we think today is 506 days jail time previously served.**

Apr. 12, 2017, Tr. 5-6. After a discussion with the State, the time served was adjusted to be 529 days. *Id.* at 7. No other discussion regarding the sentence imposed was held on the record.[3] On May 24, 2017, Rutschilling filed notices of appeal in 14-CRM-060 and 15-CRM-061. ADoc. 147 and BDoc. 118. The appeals were consolidated. On appeal, Rutschilling raises the following assignments of error.

### First Assignment of Error

**The reimposition [sic] of the prison term as consecutive sentence was invalid.**

### Second Assignment of Error

**The imposition of consecutive sentences was invalid.**

### Third Assignment of Error

**Trial counsel provided ineffective assistance of counsel which harmed [Rutschilling].**

*Violation of Judicial Release Sentence*

{¶8} In the first assignment of error, Rutschilling alleges that the trial court erred in re-imposing his sentence for judicial release consecutive to that

---

[3] The trial court noted that there were extensive discussions held in chambers, but those discussions were not put on the record. Tr. at 3.

for violation of the community control sanctions. This court has previously held that judicial release sanctions and community control sanctions are not the same. *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26, 10-07-27, 2008-Ohio-2117.

> **"The rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term 'community control' in reference to the status of an offender when granted early judicial release."** *State v. Alexander*, **3d Dist. No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting** *State v. Mann*, **3d Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 6. Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, \* \* \* whereas, when a defendant is granted judicial release under R.C. 2929.20, he "has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction."** *Alexander,* **2008-Ohio-1485, at ¶ 7, quoting** *Mann*, **2004-Ohio-4703, at ¶ 8 citing R.C. 2929.20(I).**

*Jones, supra* at ¶ 12. If a trial court grants a motion for judicial release, the offender is placed under appropriate community control sanctions. R.C. 2929.20(I). The trial court then reserves the right to re-impose the remainder of the prison term originally imposed if the offender violates the sanctions. *Id.* "If the court [re-imposes] the reduced sentence pursuant to this reserved right, it may do so either concurrently with or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." *Id.* The trial court does not have the authority to alter the original sentence except it may impose the

sentence consecutively to a new sentence imposed as a result of the judicial release that was a new criminal offense. *See Jones, supra*; *State v. Smith*, 3d Dist. Union No. 14-06-15, 2006-Ohio-5972, ¶ 13; *State v. McConnell*, 143 Ohio App.3d 219, 2001-Ohio-2129, 757 N.E.2d 1167 (3d Dist.). "It is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01, 3-16-12, 2016-Ohio-8401, ¶ 13.

**{¶9}** In this case, the original sentence was 30 months in prison. This sentence was not ordered to be served consecutive to any sentence. Although the violations of Rutschilling's community control sanctions issued upon his judicial release could potentially have constituted new criminal offenses, sentences for those violations were not the ones that were ordered to be served consecutively. The judicial release violation was ordered to be served consecutive to a community control violation in an old case. R.C. 2929.20(I) does not allow the original sentence to be altered by being served consecutive to old cases, only new offenses. Thus, the trial court erred by ordering the sentence for the violation of the judicial release to be served consecutive to the sentences for the violations of community control violations in old cases.[4] The first assignment of error is sustained.

---

[4] The statute does not speak to whether a prison term imposed for a violation of community control sanctions may be ordered to be served consecutive to the re-imposition of a prison term for a violation of judicial release. This court does not address whether the trial court could run the sentences in 14-CRM-060 consecutive to the re-imposition of the sentence for the violation of judicial release in 15-CRM-061 as that issue is not before us on appeal.

*Imposition of Consecutive Sentences in 14-CRM-060*

**{¶10}** Rutschilling claims in the second assignment of error that the trial

court erred in imposing consecutive sentences in 14-CRM-060.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). Before a trial court can impose consecutive sentences as a

result of a community control violation, it must comply with the sentencing

requirements of R.C. 2929.14(C). *State v. Duncan*, 12th Dist. Butler Nos. CA2015–

05–086, CA2015–06–108, 2016-Ohio-5559, 61 N.E.3d 61, ¶41-42. "When

imposing consecutive sentences, a trial court must state the required findings as part

of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-2177, ¶ 29, 16 N.E.3d 659. The failure to make the findings at the hearing cannot be corrected by making them in the journal entry. *Id*. at ¶ 30.

**{¶11}** A review of the record in this case shows that the trial court did not make any findings pursuant to R.C. 2929.14(C) at the sentencing hearing for the violation of the community control sanctions and terms of the judicial release. Instead the trial court merely stated that it had considered "the principles and purposes of sentencing, the prior criminal history, the attempts at rehabilitation, the prior prison sentence, and the judicial release, is [sic] order that 22 months in 14-CR-60, order the 30 months in 15-CR-61, those to be served consecutive to each other." Apr. 12, 2017 Tr. at 5. The trial court failed to specifically address any of the factors required by R.C 2929.14(C). While there may have been sufficient credible evidence from which the trial court could have made the findings, it did not do so. The statute and the holdings of the Ohio Supreme Court mandate that the trial court make all of the enumerated findings at the sentencing hearing. R.C. 2929.14(C)(4) and *Bonnell, supra.* The trial court did not do so in this case. Thus, the second assignment of error is sustained.

*Ineffective Assistance of Counsel*

**{¶12}** In the third assignment of error, Rutschilling claims he was denied the effective assistance of counsel at the sentencing on the violations. As this court has

found error in the sentencing, the matter will be remanded for resentencing. The actions of counsel in the original hearing are thus moot and need not be reviewed by this court. App.R. 12(A)(1)(c).

{¶13} Having found error in the particulars assigned and argued, the judgments of the Court of Common Pleas of Mercer County are reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgments Reversed*
*And Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**