[Cite as *State v. Taflinger*, 2018-Ohio-456.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ALYSSA M. TAFLINGER,

    DEFENDANT-APPELLANT.

CASE NO. 8-17-20

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-02-0045

Judgment Reversed in Part, Affirmed in Part
and Cause Remanded

Date of Decision:  February 5, 2018

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Sarah J. Warren* for Appellee

**WILLAMOWKSI, P.J.**

{¶1} Defendant-appellant Alyssa M. Taflinger ("Taflinger") appeals the judgment of the Logan County Court of Common Pleas, alleging (1) that the trial court erred by imposing consecutive sentences without incorporating its findings into the judgment entry; and (2) that the imposition of consecutive sentences was not supported by the record. For the reasons set forth below, the judgment of the lower court is reversed in part and affirmed in part.

*Facts and Procedural History*

{¶2} On December 28, 2016, the police stopped Taflinger's boyfriend—Larry J. Lyle ("Lyle")—for a traffic violation near a campground. Doc. 21. At the time of the stop, Taflinger was sitting in the passenger seat of the vehicle. *Id*. As the officer was questioning Lyle about the traffic violation, a man—Kevin Lanham ("Lanham")—drove up and accused Lyle of breaking into his camper. *Id*. The police officer went to Lanham's camper where a television was pulled off of the wall and was partially on the floor. *Id*. Lanham told the police officer that he arrived at his property earlier and saw a car he did not recognize in front of his camper. *Id*. He then saw Lyle get into his vehicle and drive away at a high speed. *Id*.

{¶3} In the subsequent investigation, Lyle and Taflinger were linked to thirty-three breaks-ins that occurred in various campgrounds between November 10, 2016, and January 24, 2017. *Id*. Altogether, the trial court counted twenty-seven victims of these break-ins. Tr. 14. Further, the trial court calculated that Taflinger's

share of the amount of restitution for the victims of these offenses was $4,313.89. Tr. 17. Taflinger admitted that she accompanied Lyle while he traveled to various locations for the purpose of breaking into campers. Presentence Investigation. She also admitted that she often drove Lyle to these locations, estimating that she had been on five or six of these trips with him and that he stole around twenty televisions. *Id.* However, she said that Lyle would use her car without her on occasion. *Id.*

{¶4} Taflinger said that Lyle committed these crimes to support his heroin addiction. *Id.* She said that she had no reason to commit these crimes as she had a job and participated in these offenses only because Lyle threatened her and was abusive. *Id.* She expressed regret for her part in these offenses. *Id.* Prior to 2016, Taflinger had committed one minor misdemeanor and two fourth degree misdemeanors. *Id.*

{¶5} On February 15, 2017, Taflinger was indicted with eighty-five criminal charges. Doc. 2. This indictment included thirty counts of burglary in violation of R.C. 2911.12(A)(3); six counts of theft in violation of R.C. 2913.02(A)(1); fifteen counts of criminal damaging in violation of R.C. 2909.06(A)(1); seventeen counts of petty theft in violation of R.C. 2913.02(A)(1); fifteen counts of vandalism in violation of R.C. 2909.05(A); and two counts of attempted burglary in violation of 2911.12(A)(3). Doc. 2, 9.

**{¶6}** On May 5, 2017, Taflinger signed a petition to enter a plea of guilty to two counts of burglary in violation of R.C. 2911.12(A)(3); six counts of theft in violation of R.C. 2913.02(A)(1); one count of criminal damaging in violation of R.C. 2909.06(A)(1); eleven counts of petty theft in violation of R.C. 2913.02(A)(1); and eleven counts of vandalism in violation of R.C. 2909.05(A). Doc. 29. The petition to enter a plea of guilty was filed with the trial court on May 8, 2017. Doc. 29. The trial court accepted this guilty plea formalizing it by filing a judgment entry / change of plea on May 16, 2017. Doc. 30.

**{¶7}** On June 16, 2017, Taflinger appeared before the trial court for sentencing. Doc. 68. Prior to this hearing, among other charges, Taflinger had pled guilty to two burglary charges. The trial court sentenced her to a six-year prison term for the first of these charges and to a twenty-four-month prison term for the second of these charges. Doc. 32. The trial judge decided to impose these prison sentences consecutively and made the following findings on the record:

> **I believe that consecutive sentences are necessary to punish the offender and protect the public from future crime, it is not disproportionate to the seriousness of the conduct and the Court wants to also make the finding as to another statement of fact, and that is that \* \* \* there are two or more offenses that are part of one or more courses of conduct, that the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the crime.**

Tr. 25. *See* R.C. 2929.14(C)(4). These findings were not subsequently incorporated into the trial court's judgment entry. Doc. 32. At the sentencing hearing, the trial

court imposed a thirty-day jail sentence for a misdemeanor offense consecutively to the prison sentences for Taflinger's felony offenses. Tr. 21-22. Doc. 55, 66.

{¶8} Taflinger filed notice of appeal on July 21, 2017. Doc. 58. In this appeal, she raises the following two assignments of error:

### First Assignment of Error

**The trial court abused its discretion when it imposed consecutive sentences on the defendant without making statutory findings in the journal entry as required by the holding in *State v. Bonnell*.**

### Second Assignment of Error

**The imposition of consecutive sentences was not supported by the record below.**

We will consider these two assignments of error in the order in which they were presented in the appellant's brief before we consider an issue raised by this Court sua sponte.

*First Assignment of Error*

{¶9} In the first assignment of error, the Defense argues that the trial court erred by imposing consecutive sentences without incorporating the findings required by R.C. 2929.14(C)(4) into the judgment entry. The Defense does, however, admit that the trial court "clearly state[d]" the required findings at the sentencing hearing. Appellant's Brief, 3.

Legal Standard

**{¶10}** In order to impose consecutive sentences, a trial court is required under R.C. 2929.14(C)(4) to make certain findings for the record and to incorporate these findings into the judgment entry. R.C. 2929.14(C)(4). *State v. Rutschilling*, 3d Dist. Mercer Nos. 10-17-06 and 10-17-07, 2017-Ohio-9252, ¶ 10.

> **[A] trial court must state the required findings as part of the sentencing hearing * * *. And because a court speaks through its journal the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.**
>
> **A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence.**

(Citations omitted.) *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29-30.

Legal Analysis

**{¶11}** The transcript of the sentencing hearing shows that the trial court did make the findings that are required by R.C. 2929.14(C)(4) in order to impose consecutive sentences. Appellant's Brief, 3. Tr. 25. The trial court, however, failed

to incorporate these findings into its judgment entry. Doc. 55. Thus, the judgment entry imposing consecutive sentences was deficient. For this reason, Taflinger's first assignment of error is sustained.

*Second Assignment of Error*

{¶12} In the second assignment of error, the Defense argues that the imposition of consecutive sentences was not supported by the record. In particular, the Defense points out that the trial court found that appellant was not a career criminal. The Defense also argues that the fact that she did not stop her boyfriend from committing these crimes should not justify the imposition of consecutive sentences.

Legal Standard

{¶13} R.C. 2929.14(C)(4) reads, in its relevant part, as follows:

**(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or**

> **more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4).

**{¶14}** "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, --- N.E.3d ---, (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus (1954).

Legal Analysis

**{¶15}** At the sentencing hearing, the trial court mentioned the facts which it found to be in support of the imposition of consecutive sentences. Doc. 68.

Taflinger's offenses had twenty-seven victims. Tr. 14. The trial court also noted that Taflinger committed a relatively large number of offenses over an extended period of time. Tr. 24. Further, she was aware of her boyfriend's course of criminal conduct, allowed him to use her car to commit crimes, and took no steps to report him to the authorities. Tr. 10. The trial court considered the fact that she was not a "career criminal" but determined that this fact was not enough to outweigh the number of victims and the number of offenses committed in this case. Tr. 17, 24. Based on these facts, the trial court found that the imposition of consecutive sentences under R.C. 2929.14(C)(4)(b) was appropriate. Tr. 24-26. After examining the entire record, we do not find by clear and convincing evidence that the imposition of consecutive sentences was unsupported by the record. For these reasons, the appellant's second assignment of error is overruled.

*Sua Sponte Issue*

{¶16} In reviewing the assignments of error raised on appeal, this Court found an error at law in the sentencing hearing. At the sentencing hearing, the trial court imposed a sentence for a misdemeanor consecutively to Taflinger's felony sentences. Doc. 32, 66. We will consider this decision sua sponte under a plain error standard. *See State v. Moore*, 3d Dist. Hancock No. 5-07-18, 5-07-21, and 5-07-21, 2008-Ohio-1152, ¶ 8-9.

Legal Standard

**{¶17}** "In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'" *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise." *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long*, *supra*, at paragraph three of the syllabus.

**{¶18}** R.C. 2929.41(A) addresses the issue of multiple sentences and reads, in its relevant part, as follows:

> **Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.**

R.C. 2929.41(A). *See State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 10 (holding that "subject only to the exceptions stated in R.C.

2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions.").[1]

Legal Analysis

{¶19} At the sentencing case in this hearing, the trial court imposed a thirty-day jail sentence for the misdemeanor offenses committed and ordered that this sentence be served consecutively to Taflinger's felony sentences. Tr. 20-21. However, R.C. 2929.41(A) clearly prohibits imposing sentences in this manner. This misdemeanor offense also does not fall into one of the exceptions listed in R.C. 2929.41(B)(3). Thus, this order was contrary to the law. *See Polus, supra*, at ¶ 10. Further, this order operates to the prejudice of Taflinger as it orders her to serve thirty additional days in jail after she completes her eight-year prison term. For these reasons, we find plain error. Thus, the trial court must vacate the previous sentencing entry and resentence Taflinger in a manner that is consistent with R.C. 2929.41(A).

*Conclusion*

{¶20} Having found error prejudicial to the appellant in the particulars assigned and argued in the first assignment of error as well as in the imposition of a misdemeanor sentence consecutively to appellant's felony sentences, the judgment

---

[1] The misdemeanor offenses that, under R.C. 2929.41(B)(3), are excepted from the general rule of R.C. 2929.41(A) are driving under suspension or in violation of license restriction in violation of R.C. 4510.11; driving under OVI suspension in violation of R.C. 4510.11; driving under financial responsibility law suspension or cancellation in violation of R.C. 4510.16; driving under a nonpayment of judgment suspension in violation of R.C. 4510.16; failure to reinstate a license in violation of R.C. 4510.21; and driving while under the influence of alcohol or drugs in violation of R.C. 4511.19.

Case No. 8-17-20

of the Logan County Court of Common Pleas is reversed as to these issues and remanded for resentencing. Having found no error prejudicial to the appellant in the particulars assigned and argued in the second assignment of error, the judgment of Logan County Court of Common Pleas is affirmed as to these issues.

***Judgment Reversed in Part,***
***Affirmed in Part,***
***And Cause Remanded***
***for Resentencing***

**SHAW and PRESTON, J.J., concur.**

**/hls**