[Cite as *State v. Rutschilling*, 2018-Ohio-3614.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 10-18-06

    v.

AARON N. RUTSCHILLING,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Mercer County Common Pleas Court
Trial Court No. 14-CRM-060

**Judgment Affirmed**

**Date of Decision:  September 10, 2018**

APPEARANCES:

    *Bryan Scott Hicks* **for Appellant**

    *Matthew K. Fox* **and** *Joshua A. Muhlenkamp* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Aaron N. Rutschilling ("Rutschilling") brings this appeal from the judgment of the Court of Common Pleas of Mercer County sentencing him to consecutive sentences for violation of community control sanctions. Rutschilling claims that the trial court erred by imposing consecutive sentences when the trial court did not inform him at the prior sentencing that this was a possibility. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 15, 2014, the Mercer County Grand Jury indicted Rutschilling on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1), (C)(3)(a), (C)(3)(b), a felony of the fourth degree. Doc. 6. Rutschilling entered a plea of not guilty. Doc. 21. On December 11, 2014, Rutschilling filed a motion for intervention in lieu of conviction for the indicted charge as well as an expected charge for possession of heroin. Doc. 39. On January 7, 2015, the State filed a bill of information alleging an additional charge that Rutschilling had possessed heroin on or about April 19, 2014, in violation of R.C. 2925.11(A), (C)(6)(a), a felony of the fifth degree. Doc. 40. On March 25, 2015, Rutschilling and the State entered into a negotiated plea agreement. Doc. 78. Rutschilling agreed to enter pleas of guilty to an amended indictment count of trafficking in marijuana in violation of R.C. 2925.03(A)(1); (C)(3)(a), a felony of the fifth degree, and one count of possession of heroin in violation of R.C. 2925.11(A); (C)(6)(a), a felony of the fifth degree, as charged in the bill of information. *Id.* Rutschilling also agreed to waive

prosecution by indictment and consented to be prosecuted by the bill of information. *Id*. In exchange, the State agreed to amend the trafficking in marijuana charge from a fourth degree felony to a fifth degree felony. *Id*. The State also agreed not to oppose intervention in lieu of conviction. *Id.* No sentencing agreement was reached. *Id*. On March 20, 2015, an arraignment on the possession of heroin charge and a change of plea hearing on the amended trafficking in marijuana charge was held. Doc. 83. At that time, Rutschilling entered pleas of guilty pursuant to the negotiated plea agreement. *Id*. The trial court accepted the pleas of guilty and scheduled sentencing for a later date. *Id*.

{¶3} On May 27, 2015, a sentencing hearing was held. Doc. 101. The trial court sentenced Rutschilling to a term of community control for up to three years. Doc. 101. The trial court informed Rutschilling that if he violated the sanctions, he could receive "a prison term of Eleven (11) months on each count." *Id*. at 7. The judgment entry was silent as to whether the terms would be served concurrently or consecutively. *Id*.

{¶4} On February 8, 2017, the State filed a notice of failure to comply with community control sanctions. Doc. 119. The notice alleged that Rutschilling had been arrested for OVI, had tested positive for fentanyl and marijuana, and had failed to take drug tests when requested. *Id*. A hearing was held on the violations on March 22, 2017. Doc. 134. Rutschilling admitted the violations and the matter was

set for disposition. *Id.* The disposition hearing was held on April 12, 2017. At the hearing the trial court sentenced Rutschilling to consecutive sentences. *Id.* Rutschilling appealed the sentences claiming that the trial court had failed to make the required statutory findings among other issues. Doc. 147. This court sustained the assignment of error regarding the imposition of consecutive sentences without the required findings and remanded the matter for resentencing. *State v. Rutschilling*, 3d Dist. Mercer Nos. 10-17-06, 10-17-07, 2017-Ohio-9252.

{¶5} On January 31, 2018, a new sentencing hearing was held. Doc. 185. The trial court imposed a prison term of 11 months on each count and ordered them served consecutive to each other. *Id.* At the sentencing hearing, the trial court made the following findings in regard to the consecutive sentences.

> **[T]he Court must make findings to impose the two, 11-month sentences in this case to run consecutively, and the Court does so at this time by finding and stating that based upon those sentencing factors, and the situation as it presently exists, consecutive sentences are necessary to protect the public from future crimes of the – by the offender and not disproportionate to the seriousness of his conduct and to the danger that he poses to the public, and that two of the multiple offenses were committed as part of one or more courses of conduct. Obviously, this being a separate offense with the possession of cocaine. The harm caused by the two offenses so committed was at least unusual and great that, enough, to make it so that no single prison term for either of these offenses committed, as part of these courses of conduct, adequately reflect the seriousness of this conduct. And therefore, the Court will impose the 22-month prison term for this case.**

Jan. 31, 2018, Tr. 8. Rutschilling appeals from this judgment and raises the following assignment of error.

**The imposition of consecutive sentences was invalid.**

{¶6} On appeal, Rutschilling claims that the trial court erred by imposing consecutive sentences when he was not informed at the time of the imposition of community control sanctions that the sentences would be ordered to be served consecutively. This court has recently addressed this exact issue in *State v. Davenport*, 3d Dist. Mercer No. 10-18-05, 2018-Ohio-3319. In Davenport, the defendant argued that the trial court failed to reserve the power to impose consecutive sentences in the event that he violated his community control. *Id*. at ¶ 27. As in this case, Davenport was told that he would be subject to a prison term on *each* count and he claimed that was not sufficient to provide him notice that he would be subject to consecutive prison terms. *Id*. This court determined that the "phrases 'each offense' and 'two, 24-month sentences' clearly indicate the imposition of consecutive sentences." *Id*. at ¶ 31. Thus, this court determined that the trial court did not err in imposing consecutive sentences for a subsequent violation of community control. *Id*. at ¶ 34.

{¶7} Here, as in Davenport, Rutschilling was notified that a violation of community control sanctions "will result in prison terms of 11 months on each offense." May 27, 2015, Tr. at 10. The trial court also advised Rutschilling that he could be placed on post-release control and that a violation of that could result in

him being "returned to prison for up to one-half of each of those 11-month sentences." *Id*. Additionally, the negotiated plea agreement signed by Rutschilling advised him that although consecutive sentences were not mandatory, they could be imposed. Doc. 78. Although it might have been a better practice to state that it would be an aggregate 22-month sentence, this court does not find that the sentence was improper in this case. The assignment of error is overruled.

{¶8} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Mercer County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hls**