[Cite as *State v. Powell*, 2018-Ohio-4549.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  8-18-12

      v.

SHAWNA D. POWELL,              O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  8-18-13

      v.

SHAWNA D. POWELL,              O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeals from Logan County Common Pleas Court
Trial Court Nos. CR17-04-0134 and CR17-09-0294

Judgments Affirmed

Date of Decision:  November 13, 2018

---

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Holly N. Looser* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-Appellant, Shawna D. Powell, ("Appellant") appeals the judgments of the Logan County Common Pleas Court imposing consecutive sentences on convictions arising out of two separate criminal indictments. On appeal, Appellant alleges that the record does not support the imposition of consecutive sentences. For the reasons that follow, we affirm the judgments of the trial court.

*Factual & Procedural Background – Case Number CR17-04-0134*

{¶2} On March 25, 2017, Tom Snapp ("Snapp") reported that Appellant had stolen his checkbook out of his vehicle. (Doc. No. 33). Snapp further reported that Appellant had been writing checks, to herself, from his business checkbook, depositing them into her personal account, and then withdrawing the stolen funds. (*Id.*). When Snapp confronted Appellant about the stolen checks, she offered to work for him for free to pay back the money, which never occurred. (*Id.*). Snapp reported that Appellant had stolen seventeen checks, which resulted in $5,095 being taken from his account. (*Id.*).

{¶3} On April 17, 2017, the Citizens Federal Bank in Logan County contacted the Bellefontaine Police Department and reported that Appellant was attempting to cash one of Snapp's stolen checks[1]. (*Id.*). When the teller delayed

---

[1] The amount written on the stolen check was $854. (Doc. No. 33).

cashing the check, Appellant requested the check back so she could leave. (*Id.*). The teller returned the check to Appellant, however, prior to leaving the bank, law enforcement arrived and questioned Appellant. (*Id.*). Appellant told law enforcement that she did not have the check, but ultimately confessed to eating the stolen check when she saw police officers arrive. (*Id.*).

{¶4} In a separate matter, Appellant was booked into the Logan County jail on drug related charges on May 3, 2017.[2] (*Id.*). On May 4, 2017, an inmate at the Logan County jail overdosed. (*Id.*). The inmate's cell mate, who was found to be in possession of heroin, admitted to police that the Appellant gave her the heroin (in the jail) on May 3, 2017. (*Id.*).

{¶5} On June 14, 2017, Appellant was indicted by the Logan County Common Pleas Court Grand Jury on six criminal charges, including: Count One, Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; Count Two, Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; Count Three; Forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree; Count Four, Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; Count Five, Illegal Conveyance of Drugs of Abuse onto Ground of a Specified Governmental Facility, in violation of R.C. 2921.36(A)(2), a felony of the third degree; and Count Six, Corrupting Another with Drugs, in violation of R.C.

---

[2] This activity is not pertinent to the issue on appeal, however, this conduct was the basis for Counts Five and Six in Appellant's indictment. (*See,* Doc. No. 6; 68).

2925.02(A)(3), 2925.02(C)(1), a felony of the second degree. (Doc. No. 6). Appellant was arraigned on June 20, 2017, and pled "not guilty" to all counts contained in the indictment. (Doc. No. 17).

{¶6} After multiple bond hearings and pre-trial motions, a final pretrial was held on the matter on January 3, 2018. (Doc. No. 61). Because a plea agreement had not been reached, Appellant's case was set for a jury trial on February 1, 2018. (*Id.*).

{¶7} However, on January 25, 2018, Appellant appeared before the trial court to change her plea. (Doc. No. 68). Appellant withdrew her former plea of "not guilty" and entered guilty pleas to Count One, Theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree, and to Count Four, Tampering with Evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree. (*Id.*). Thereafter, Counts Two, Three, Five, and Six of the indictment were dismissed. (*Id.*).

{¶8} Appellant was sentenced by the trial court on March 9, 2018. (Doc. No. 71). The trial court found that a prison term was consistent with the purposes of R.C. 2929.11, and sentenced Appellant to twelve months in prison on Count One and thirty six months in prison on Count Four. (*Id.*). The trial court further ordered that the two sentences be served concurrently to one another, but consecutive to the prison term imposed in Appellant's other pending Logan County criminal case, case

number CR17-09-0294. (*Id.*). Specifically, the trial court found that the consecutive sentences imposed were necessary to protect the public and punish the offender, because, in part, Appellant committed one or more of the offenses while she was awaiting trial or sentencing. (*Id.*).

*Factual & Procedural Background – Case Number CR17-09-0294*

{¶9} On August 13, 2017, while case number CR17-04-0134 was pending in the trial court, Appellant was found in possession of suboxone in the Logan County Jail. (Doc. No. 1). Thereafter, on September 12, 2017, Appellant was indicted by the Logan County Common Pleas Court Grand Jury on two criminal charges, including: Count One, Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility, in violation of R.C. 2921.36(A)(2), a felony of the third degree; and Count Two, Possession of Drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶10} Appellant was arraigned on September 25, 2017 in the trial court, and pled "not guilty" to both counts. (Doc. No. 13).

{¶11} After multiple bond hearings and pre-trial motions, a final pretrial was held on the matter on January 3, 2018. (Doc. No. 40). Because a plea agreement had not been reached, Appellant's case was set for a jury trial on February 1, 2018. (*Id.*).

**{¶12}** However, on January 25, 2018, Appellant appeared before the trial court to change her plea. (Doc. No. 46). Appellant withdrew her former plea of "not guilty" and entered a guilty plea to Count One, Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility, in violation of R.C. 2921.36(A)(2), a felony of the third degree. (*Id.*). After pleading, the trial court dismissed Count Two of the indictment. (*Id.*).

**{¶13}** Appellant was sentenced by the trial court on March 9, 2018. (Doc. No. 50). The trial court found that a prison term was consistent with the purposes of R.C. 2929.11, and sentenced Appellant to twenty-four months in prison on Count One. (*Id.*). The trial court further ordered that the twenty-four month sentence be served consecutive to the prison term imposed in Appellant's other Logan County criminal case, case number CR17-04-0134. (*Id.*). Specifically, the trial court found that consecutive sentences were necessary to protect the public and punish the offender, because Appellant committed one or more of the offenses while she was awaiting trial or sentencing. (*Id.*).

**{¶14}** From these judgments Appellant appeals, and presents the following assignment of error for our review:

### ASSIGNMENT OF ERROR NO. I

**THE RECORD IN THIS MATTER DOES NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES PURSUANT TO STATE LAW R.C. 2929.14.**

*Appellant's First Assignment of Error*

**{¶15}** Appellant argues that because of her history of drug abuse, the trial court erred by imposing consecutive prison sentences in her convictions. Further, Appellant argues that community control sanctions, along with drug treatment programs, would have been the proper sentence for the trial court to impose. For the reasons that follow, we disagree.

*Standard of Review*

**{¶16}** "'A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.'" *State v. Perez,* 3rd Dist. Defiance No. 4-17-12, 2018-Ohio-635, ¶ 5 *citing State v. Ward*, 3d Dist. Crawford No. 3–17–02, 2017–Ohio–8518, ¶ 25. *See also,* R.C. 2953.08(G).

*Analysis*

**{¶17}** "In order to impose consecutive sentences, a trial court is required under R.C. 2929.14(C)(4) to make certain findings for the record and to incorporate th[ose] findings into the judgment entry." *State v. Taflinger,* 3rd Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 10 citing *State v. Rutschilling,* 3rd Dist. Mercer Nos. 10-17-06, 10-17-07, 2017-Ohio-9252, ¶ 10. R.C. 2929.14(C)(4) requires:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶18} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. *See also,* Crim.R. 32(A)(4). "And because a court speaks through its journal, * * *, the court should also incorporate its statutory findings into the sentencing entry." (Internal citations omitted). (*Id.*). "However, a word-for-word recitation of the language of the statute is not required, and as long

as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶19} In the case *sub judice*, the trial court made the following statements regarding its sentencing of Appellant:

> **Trial Court:  Okay.  When formulating a sentence under the felony guidelines, the Court is required to consider four factors.  They are to punish the offender, to rehabilitate the offender, to deter the offender and those who are similarly situated, and, finally, to protect members of society from future crime that this defendant might commit.**
>
> **The Court is required to do that by balancing the resources that are available locally with those that the State has to offer and not impose any unnecessary burden on either of those governmental resources.**
>
> **In your situation, I have to consider the need for incapacitation.  You know, the – you don't do well on community control.  It's -- you don't follow the rules, and so setting you up in a community control environment is going to cause more problems than it's worth.**
>
> **Deterring you and rehabilitating you and punishing you are all – and protecting the public are all considerations that I've actually – I'm balancing.  The sentence I'm going to announce is not based on any impermissible purposes, it is a sentence that I believe is consistent with how I would treat other persons who are similarly situated and who have your criminal record.**
>
> **I believe the sentence is proportionate to the harm that you have caused and the impact on the victim.  I have considered the seriousness and recidivism factors.  And the question of merger is inapplicable in the first case, 134.  The theft and the tampering cases, I believe, are wholly independent of one another.  You can**

**steal a check without eating it, which is the tampering, so I don't believe those two cases merge for any purposes whatsoever. * * *.**

**\* \* \***

**The Court: \* \* \*. There is normally a presumption against imprisonment for a felony of the fifth degree, and the Court is fully aware of that. And in the events – excuse me, with felonies of the third degree, there is a neutrality that the Court is aware of, and the Court has to weigh the factors when determining whether a prison sentence is appropriate or not, and given her past history, I cannot say that there is a presumption in favor of community control. That's a cinch.**

**And, accordingly, the Court is going to impose a prison term. I wish I could say that community control was appropriate, but, frankly, given the offender's history, it would – she is not amenable to community control. In imposing – failure to impose a prison term would simply demean the seriousness of her offense and fail to address her need for punishment, rehabilitation, and deterrence and ultimately protect the public from her future crimes.**

**\* \* \***

**The Court: Because the Court finds that that is necessary to punish the offender and protect her – excuse me – protect the public from her future crime and also gives the offender additional time to engage in meaningful rehabilitation while she is incarcerated and does serve to deter her from future crimes that she might commit when she is released.**

**Furthermore, it will punish her. And the Court in making that determination, notes she has an extensive criminal history and consecutive sentencing [sic] are necessary to protect the public.**

(Sentencing, 03/09/2018 Tr. at 18-22).

**{¶20}** Furthermore, the trial court reflected this analysis in its judgment entry of sentencing, wherein it found:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(CR17-04-0134, Doc. No. 71 at 2; CR17-09-0294, Doc. No. 50 at 2).

**{¶21}** In reviewing the record before us, it is clear that the trial court determined consecutive sentences were necessary to protect the public because of Appellant's lengthy criminal history. Furthermore, Appellant showed no indication of ceasing her criminal activity, because the charges in case number CR17-09-0294 occurred while another criminal case, case number CR17-04-0134, was pending against her in the trial court.

**{¶22}** Thus, in our review of the record, we find that competent and credible evidence exists in the record that the trial court reviewed the required statutory findings, and engaged in an appropriate analysis as to the need for and proportionality of consecutive sentences. Moreover, we find that the judgment entry of sentencing reflects that the trial court considered the proper statutory findings in imposing consecutive sentences in Appellant's separate cases. As such, Appellant

has failed to show, by clear and convincing evidence, that the trial court's sentence was unsupported by the record. Accordingly, we find Appellant's sole assignment of error not well taken, and we overrule the same.

### *Conclusion*

{¶23} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we overrule Appellant's sole assignment of error and affirm the judgments of the Logan County Common Pleas Court.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**