OPINION
{¶ 1} Defendant-appellant, Michael L. Young (hereinafter "Young"), appeals the Seneca County Court of Common Pleas denial on his post-sentence motion to withdraw his guilty pleas based on his ineffective assistance of trial counsel as to case nos. 13-08-21, 13-08-22, and 13-08-23, which have been consolidated for purposes of appeal. For the reasons that follow, we affirm. *Page 3 
 {¶ 2} On August 17, 2005, in case no. 05CR0190 (appellate case no. 13-08-21), Young was indicted by the Seneca County Grand Jury on two counts: count one Forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree; and count two Tampering with Records in violation of R.C. 2913.42(A)(1), a felony of the third degree. On January 17, 2006, Young entered written pleas of guilty on both counts and on April 27, 2006 the trial court sentenced Young to three (3) years of community control. Furthermore, the trial court notified Young that it would impose, as a sanction for a violation of the community control, twelve (12) months for count one and five (5) years for count two; in addition, the sentences were to run concurrently.
 {¶ 3} On June 14, 2006, in case no. 06CR0170 (appellate case no. 13-08-22), Young consented and was charged with one count of Receiving Stolen Property in violation of R.C. 2913.51(A), (C), a felony of the fourth degree, by way of Information. That same day, Young entered a written plea of guilty to the count, and the trial court subsequently sentenced him to three (3) years of community control. Moreover, the trial court notified Young that in the event of a violation of his community control, it would impose the specific prison term of eighteen (18) months for the count of receiving stolen property.
 {¶ 4} On January 10, 2007, Young was charged with seven (7) violations of his community control in case nos. 05CR0190 and 06CR0170. In addition, on *Page 4 
March 21, 2007, in case no. 07CR0079 (appellate case no. 13-08-23), Young was indicted by the Seneca County Grand Jury on two counts: count one of Receiving Stolen Property in violation of R.C. 2913.51(A), (C), a felony of the fifth degree; and count two of Forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. On March 28, 2007, Young entered a written plea of guilty on the two counts.
 {¶ 5} On April 12, 2007, the trial court accepted Young's guilty plea to the two counts and subsequently held both the sentencing hearing in case 07CR0079 and the community control violation hearing at the same time. In case 07CR0079, Young was sentenced to eleven (11) months on count one and eleven (11) months on count two, which were to be served concurrently with one another, but consecutively as to the sentences previously reserved in cases 05CR0190 and 06CR0170. With respect to his community control violations, Young waived his right to a full hearing and he was placed under oath, at which time he admitted that he had violated the terms of his community control. The trial court revoked his community control as to each of the two cases and imposed only a portion of the previously reserved sentences. Thus, in case 05CR0190, Young was sentenced to serve eleven (11) months on count one and three (3) years on count two, sentences to run concurrently; and in case 06CR0170, he was sentenced to serve eleven (11) *Page 5 
months. The sentences in all three cases were to run consecutively, for an aggregate term of four (4) years and ten (10) months.
 {¶ 6} On August 10, 2007, Young filed a pro se motion to withdraw his guilty pleas pursuant to Crim. R. 32.1 with respect to all three cases, claiming that each of his guilty pleas were not knowingly, intelligently, or voluntarily made, the pleas were given upon the direction of ineffective counsel, and amounted to a manifest injustice. Because Young had failed to point to any specific conduct or facts, the trial court denied his motion on August 21, 2007. However, on December 7, 2007, Young re-filed his previous motion to withdraw his guilty pleas pursuant to Crim. R. 32.1, but this time Young included a handwritten memorandum in support of his motion, in which he recited specific information as the basis for his motion. The trial court set a hearing on the motion for April 8, 2008, and Young was appointed new counsel to assist him at the motion hearing. On May 30, 2008, the trial court denied his motion to withdraw his guilty pleas.
 {¶ 7} Young now appeals and raises two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I THE DENIAL OF THE MOTION TO WITHDRAW GUILTY PLEAS IN THIS CASE SHOULD BE VACATED AND THE MATTER SET FOR REHEARING DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL *Page 6 
 {¶ 8} In his first assignment of error, Young claims that he was denied effective assistance of counsel in regard to his appointed counsel for the motion to withdraw hearing.
 {¶ 9} Young's motion to withdraw his guilty pleas was based on the fact that his trial counsel had been ineffective. Young claims that he had informed his trial counsel of certain witnesses that could have provided him with an alibi, that trial counsel knew of these witnesses, failed to call them to testify, and pressured Young into entering a guilty plea. The trial court granted him a hearing on his motion to withdraw his guilty pleas due to the nature of his allegations. For the motion hearing on April 8, 2008, Young was appointed new counsel, Kent Nord (hereinafter "Nord"). At the hearing, Young was the only witness called to testify.
 {¶ 10} As a result, Young now asserts that Nord was ineffective because he knew of the importance of these alibi witnesses to Young's ineffective assistance claim, and failed to attempt to compel these witnesses or present any evidence as to their existence at his motion hearing. Young also claims that he was prejudiced because the trial court denied his motion based on the fact that Nord had failed to present any witnesses or evidence to prove Young's ineffective assistance of trial counsel claim at the motion hearing. He argues that had Nord presented these witnesses or any of Young's evidence, he would have established his ineffective *Page 7 
assistance of trial counsel claim, and thus, would have been granted his motion to withdraw his guilty pleas.[1]
 {¶ 11} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. Strickland, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995), 72 Ohio St.3d 545, 558,651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See State v.Bradley (1989), 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373, quotingState v. Lytle (1976), 48 Ohio St.2d 391, 396, 358 N.E.2d 623. *Page 8 
 {¶ 12} Here, Young is claiming that Nord was ineffective because he failed to call his alibi witnesses at the motion hearing, which would have proven that his original trial counsel was ineffective, and that this failure resulted in the trial court denying his motion. We do not find Young's argument persuasive.
 {¶ 13} First of all, generally an attorney's decision whether to call a witness falls under the rubric of trial strategy, and as such, an appellate court will not second-guess the attorney's decision, even if the decision was debatable. State v. Fritz, 3d Dist. No. 13-06-39,2007-Ohio-3138, ¶ 39, citing State v. Williams, 99 Ohio St.3d 493,2003-Ohio-4396, 794 N.E.2d 27; State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189. Nord could have had a reasonable trial strategy in not calling any other witnesses to testify at Young's motion to withdraw his guilty pleas, such as, he may have found Young's alibi witnesses lacked credibility and thus would not have been helpful to Young's case.Fritz, 2007-Ohio-3138, at ¶ 39. Thus, we find that Nord's failure to call Young's alleged alibi witnesses did not amount to deficient conduct.
 {¶ 14} Moreover, the failure to call witnesses, absent a showing of prejudice, is not sufficient by itself to establish a claim of ineffective assistance of counsel. State v. Brown, 2nd Dist. No. 19776,2003-Ohio-5738, ¶ 30, citing State v. Hector, 2nd Dist. No. 18653, 2002-Ohio-1200. Here, Young has not established that Nord's conduct, even if deficient, amounted to prejudice. In order *Page 9 
for Nord's conduct to have prejudiced Young, he would have to show that, but for Nord's conduct, the trial court would have granted his motion to withdraw his guilty pleas. However, there is evidence in the record that suggests Young's witnesses would not have been helpful to either of his cases.
 {¶ 15} In case 07CR0079, Young was indicted with one count of receiving stolen property and one count of forgery for events that occurred on or about November 27, 2006, in Seneca County. (Case No. 07CR0079 Indictment Doc. No. 1 at 1-2). As per cases 05CR0190 and 06CR0170, Young's supervising officer filed a notice of seven (7) alleged supervision violations that Young had committed. (Notice of Comm. Control Violation, Doc. Nos. 31, 9). Specifically, the notice alleged:
 A. On or about 9/14/06 Young attempted to steal merchandise from Meijers in Findlay, OH.
 B. On or about 12/13/06 Young stole $390.00 from the residence of Jennifer Davis.
 C. On or about 11/18/06 Young stole a purse containing personal checks from a Jean and Melvin Murray.
 D. On or about 11/27/06 Young forged a check that belonged to Jean and Melvin Murray Young [sic] to pay for food at the Pizza Palace located in Fostoria, OH.
 E. On or about 11/27/07 Young had in his possession or his control stolen property.
(Id.). In addition, his supervising officer alleged that Young had failed to notify him of contact he had had with the Findlay and Fostoria police departments, which were violations of his community control. (Id.). Young ultimately entered a *Page 10 
written plea of guilty on the two counts in case no. 07CR0079. (JE Apr. 12, 2007, Doc. No. 21). And as to his community control violations in cases 05CR0190 and 06CR0170, Young waived his right to a full hearing, was placed under oath, and was questioned about the charges that had been brought against him. (JE Apr. 12, 2007, Doc. Nos. 45, 22). Young admitted that he had violated the terms of community control as alleged and that he had not fulfilled the terms of his community control. (Id.).
 {¶ 16} It was at his motion to withdraw his guilty pleas hearing where Young testified that he had had witnesses available that would have testified that he was innocent on the charges brought against him. (April 8, 2008 Tr. at 10). Young stated that he had three witnesses that would have put him in Fremont at the time the alleged incident occurred in Fostoria. (Id.). When asked on cross-examination about which specific crimes these witnesses would have testified to, it is clear that they would have testified as to the theft on November 11, 2008. (Id. at 24). However, the theft offense on November 11, 2008 was not the basis of the two counts in case 07CR0079 for which Young had entered a plea of guilty. (Id. at 32). Therefore, not presenting Young's alibi witnesses as to case no. 07CR0079 did not amount to prejudice, because his witnesses' testimony would not have concerned the receiving stolen property and forgery offenses. *Page 11 
 {¶ 17} Furthermore, failing to present Young's alibi witnesses in regard to cases 05CR0190 and 06CR0170 (the community control violations) also did not amount to prejudice. Even though it is unclear from the judgment entry on both cases which alleged community control violation incidents Young admitted to committing, it is clear from the record that two of the alleged violations were the receiving stolen property and forgery charges in case 07CR0079. Compare (Notice of Comm. Control Violation, Doc. Nos. 31, 9); (Case No. 07CR0079 Indictment Doc. No. 1). Since the alibi witnesses would not have testified concerning these violations either, they also would not have been helpful at his violation of community control hearing.
 {¶ 18} Overall, after a review of the record, we find that Young has not demonstrated Nord's failure to call his alibi witnesses rendered his assistance ineffective since his decision falls within the rubric of trial strategy. Furthermore, Young has not established that this failure prejudiced him, because his alibi witnesses would have testified to events unrelated to his actual convictions. Because his receiving stolen property and forgery guilty pleas were only one of the grounds for revoking his community control, his community control would have been revoked regardless of the alibi witnesses' testimony. (See Notice of Comm. Control Violation, Doc. Nos. 31, 9). Therefore, failure to provide such alibi witnesses did not amount to prejudice. *Page 12 
 {¶ 19} Young's first assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY DENYING THE DEFENSE MOTION TO WITHDRAW HIS GUILTY PLEA UNDER CRIMINAL RULE 32.1
 {¶ 20} In Young's second assignment of error, he argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea.
 {¶ 21} Crim. R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, a defendant seeking to withdraw a guilty plea after sentence has been imposed, as Young does in the instant case, has the burden of demonstrating a "manifest injustice." State v. Smith (1977),49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. This Court has previously defined a "manifest injustice" as a "clear or openly unjust act." State v. Walling, 3d Dist. No. 17-04-12,2005-Ohio-428, ¶ 6. Notably, a post-sentence withdrawal of a guilty plea is only available in "extraordinary cases." Smith, 49 Ohio St.2d at 264.
 {¶ 22} Furthermore, a trial court maintains discretion in determining whether a defendant established a "manifest injustice." Id., at paragraph two of the syllabus. As such, this Court will not reverse a trial court's decision absent an *Page 13 
abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725,651 N.E.2d 1044. An abuse of discretion suggests a decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. After a review of the record, we find that the trial court did not abuse its discretion when it denied Young's motion to withdraw his guilty pleas.
 {¶ 23} Young argues that the record illustrates that he is "easily confused, and an individual of relatively low mental functioning." Young also claims that the record shows that he clearly did not understand the legal system or the community control process. Young did give inconsistent statements; for example, during the motion hearing Young testified that his trial counsel had never spoken to anyone in his family or subpoenaed any witnesses to testify on his behalf during his trial. However, when the trial court asked Young whether he was aware that according to the record, his trial counsel had subpoenaed his witnesses, Young answered in the affirmative. (April 8, 2008 Tr. at 12, 25-27). Nevertheless, contrary to Young's assertions, there is no indication in the record that Young did not understand the nature of the charges and/or the criminal trial process.
 {¶ 24} First of all, the judgment entry in his latest case states that the trial court inquired into Young's competency and found him to be competent. (Case No. 07CR0079 Judgment Entry, Doc. No. 1). Furthermore, the trial court stated that it had explained to Young all of his rights and it found that he had entered his *Page 14 
written guilty plea knowing and understanding that no promise of favor had been given to him. (Id.). Moreover, at the hearing on Young's motion to withdraw his guilty plea, the trial court made a finding that Young's written guilty plea clearly indicated that he had entered into it knowingly, intelligently, and voluntarily. (JE Apr. 8, 2008, Doc. Nos. 66, 43, 46).
 {¶ 25} In addition, Young also admitted on cross-examination at the motion to withdraw his guilty plea hearing that he had entered into and signed a written plea of guilty. (Apr. 8, 2008 Tr. at 28-29). Young further admitted that even though he proclaimed his innocence when he, his trial counsel, the State, and the trial court were in chambers discussing the proposed plea arrangement, he still decided to admit his guilt because, "you guys were going to give me eight years when I was only expecting seven." (Id. at 29). The Ohio Supreme Court has held that a guilty plea may still be accepted even though the defendant proclaims his innocence. State v. Piacella (1971), 27 Ohio St.2d 92,271 N.E.2d 852. See also, North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162. Here, Young's testimony indicates that he entered a guilty plea because he reasonably believed that he would get more time if he did not enter a guilty plea; however, this situation does not, by itself, establish that his plea was not knowing, intelligent, or voluntary. State v. Dumas, 10th Dist. Nos. 08AP-179, 08AP-108,2008-Ohio-4896, ¶ 20. Overall, Young's testimony clearly indicates that he *Page 15 
understood the nature of the charges that had been brought against him and how the criminal trial process worked.
 {¶ 26} Young also argues that he was pressured into pleading guilty by trial counsel and ultimately blames trial counsel for failing to investigate the evidence Young claims would have proven his innocence. (Apr. 8, 2008 Tr. at 41). However, all the trial court had to consider on Young's motion to withdraw his guilty pleas was Young's own self-serving testimony; and generally, self-serving affidavits or statements alone are insufficient to establish a manifest injustice.State v. Rockwell, 5th Dist. No. 2008-CA-00009, 2008-Ohio-2162, ¶ 42, citing State v. Brown, 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 13.
 {¶ 27} Finally, Young argues that the trial court abused its discretion when it stated that he had failed to present any witnesses or evidence to support his motion, because the trial court clearly had his testimony to consider as to his trial counsel's ineffectiveness, his trial counsel's lies, and the availability of alibi witnesses to his case. In its judgment entry, the trial court did state that Young had "failed to prove any of his allegations," and that "[n]o witnesses or exhibits were presented to the Court by defendant at the hearing." (JE Apr. 8, 2008, Doc. Nos. 66, 43, 46). Yet, the trial court went on to state that "[t]he record and testimony indicates that subpoenas were issued and witnesses available at trial for the defendant." (Id.). Therefore, the trial court did consider Young's testimony *Page 16 
since he had admitted on the stand that some of the witnesses he claimed his trial counsel did not subpoena had, in fact, been subpoenaed. Ultimately, it is within the sound discretion of the trial court to evaluate the credibility and weight of the movant's assertions.Smith (1977), 49 Ohio St.2d at 264. Clearly, the trial court considered Young's testimony, yet decided to give it little weight when it overruled his motion to withdraw. We will not second-guess the trial court's credibility and weight determination.
 {¶ 28} Young's second assignment of error is, therefore, overruled.
 {¶ 29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in appellate case nos. 13-08-21, 13-08-22, 13-08-23, we affirm the judgments of the trial court.
Judgments Affirmed.
 SHAW, P.J., and ROGERS, J., concur.
[1] Because of the nature of Young's arguments in his first assignment of error, we will treat his motion to withdraw his guilty plea as a request for post-conviction relief. *Page 1